**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VyaTek Sports, Inc., an Arizona corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>vs.<br><br>Ping, Inc., an Arizona corporation; and Karsten Manufacturing Corporation, an Arizona corporation,<br><br>    Defendants/Counterclaimants. | No. CV-08-970-PHX-DGC<br><br>**ORDER** |

      VyaTek Sports, Inc. ("VyaTek") manufactures and licenses products and technology used in connection with sporting goods. Vyatek is the owner of three patents describing a method for the design and manufacture of multi-material tube structures: No. 7,207,354 ("'354 patent"), No. 7,314,067 ("'067 patent"), and No. 6,896,006 ("'006 patent"). Ping, Inc. and Karsten Manufacturing Corporation (collectively, "Ping") manufacture, sell, and license sporting goods. Ping's product line includes "Rapture" brand golf clubs.

**I.  This Lawsuit.**

      VyaTek filed a complaint against Ping alleging that its Rapture driver infringes the '354 and '067 patents. Dkt. #1. Ping filed a counterclaim seeking a declaratory judgment that it is not infringing the '354 and '067 patents, that the patents are invalid, and that the

'067 patent is unenforceable. Dkt. #13 (counts one through five). Ping also seeks a declaratory judgment that it is not infringing the '006 patent and that the patent is invalid. *Id.* (counts six and seven).

VyaTek has filed a motion to dismiss counts six and seven for lack of subject matter jurisdiction. Dkt. #18. The motion is fully briefed. Dkt. ##25, 29, 31. For reasons explained below, the Court will grant the motion.

**II.     Legal Standard.**

A court has subject matter jurisdiction over a declaratory judgment claim where the claimant shows that the claim satisfies the case or controversy clause of Article III of the Constitution. 28 U.S.C. § 2201(a) (a court may declare the rights and other legal relations of parties in "a case of actual controversy"); U.S. Const. art. III, § 2, cl. 1 (restricting judicial power to the adjudication of "Cases" or "Controversies"); *see Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (the Declaratory Judgment Act's requirement of "a case of actual controversy" refers to "any case or controversy that is justiciable under Article III"); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344-45 (Fed. Cir. 2007) (claimant bears burden of establishing declaratory judgment jurisdiction).

In *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007), the Supreme Court reaffirmed the basic standard for determining whether a declaratory judgment claim satisfies Article III's case or controversy requirement: "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment[.]'" 127 S. Ct. at 771 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). *MedImmune* emphasized that Article III requires the dispute to be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (alteration omitted).

**III.     Motion to Dismiss.**

In January 2007, VyaTek sent Ping a letter stating that VyaTek had determined that the Rapture driver infringed the '006 patent. Dkt. #25-2. VyaTek has now stipulated that it "will not sue Defendants (including successors and assignees) or their customers or others in the stream of manufacturing or commerce for infringement of the '006 patent as to the Rapture driver or any other Ping product in existence." Dkt. #29 at 3. The Court lacks subject matter jurisdiction over counts six and seven, VyaTek argues, because this stipulation and a similar covenant not to sue eliminate any potential case or controversy with respect to the '006 patent and current Ping products. *Id.* at 2-7. Ping disagrees, contending that the covenant is insufficient because it does not eliminate the restraint imposed by the '006 patent on Ping's product development and business. Dkt. #31 at 2-7.

Having considered the totality of the circumstances, the Court finds that Ping has not shown "a controversy of sufficient 'immediacy and reality' to create a justiciable controversy" with respect to counts six and seven. *Prasco*, 537 F.3d at 1338. The mere "existence of a patent is not sufficient to establish declaratory judgment jurisdiction" because it "does not cause an injury or create an imminent risk of injury." *Id.*

An important element in the totality of the circumstances test is "whether there has been potentially infringing activity or meaningful preparation to conduct potentially infringing activity[.]" *Id.* at 1336 n.4. Where the party seeking declaratory judgment "has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008). Ping asserts that the existence of the '006 patent chills its "ability to freely develop, manufacture, and exploit non-infringing products" and places a restraint on its "business practices and flexibility in product development[.]" Dkt. #31 at 5-7. But Ping has presented no evidence that it currently uses or plans to use in other products either the design of the Rapture driver or the method claimed in the '006 patent.

/ / /

1  "[A] case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the [patentee]* – an objective standard that cannot be met by purely subjective or speculative fear of future harm." *Id.* at 1339 (emphasis in original). VyaTek's broad and binding covenant not to sue on the '006 patent eliminates any threat of injury to Ping with respect to its existing products. *See Benitec*, 495 F.3d at 1347-48; *compare ScanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007) (patentee's "statement that it does not *intend* to sue does not moot the actual controversy") (emphasis added). Ping has "failed to show that its future plans meet the immediacy and reality requirement of *MedImmune* necessary to support a justiciable controversy." *Benitec*, 495 F.3d at 1348-49; *compare Cat Tech*, 528 F.3d at 881-83 (actual controversy existed where the claimant had taken "significant, concrete steps" and its potentially infringing technology was "substantially fixed"). Nor has Ping shown that the mere existence of the '006 patent effectively excludes Ping from the marketplace. *See Caraco Pharm. Labs., Ltd. v. Forest Labs., Inc.*, 527 F.3d 1278, 1296 (Fed. Cir. 2008). The Court will grant VyaTek's motion to dismiss counts six and seven for lack of subject matter jurisdiction. *See Benitec*, 495 F.3d at 138-50 (no justiciable controversy existed where the patentee promised not to sue with respect to the claimant's existing products and the claimant failed to show immediate and real plans to engage in potentially infringing activity).

Ping asserts that VyaTek's covenant does not bind third-parties that may acquire rights in the '006 patent and therefore does not shield Ping from third-party enforcement actions. Dkt. #31 at 6. The potential threat of future third-party actions is wholly speculative and does create a justiciable controversy. Ping further asserts that the '006 patent is highly relevant to VyaTek's infringement claims and the invalidity of the '354 and '067 patents (*id.* at 2), but presents no argument that mere relevance to other claims satisfies Article III's case or controversy requirement.

**IT IS ORDERED:**

1. Defendants' motion for leave to file a sur-reply (Dkt. #30) is **granted**.
2. The Clerk is directed to file the lodged proposed sur-reply (Dkt. #31).

3. Plaintiff's motion to dismiss counts six and seven of the counterclaim (Dkt. #18) is **granted**.

DATED this 26th day of September, 2008.

*David G. Campbell*
United States District Judge