**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| VyaTek Sports, Inc., an Arizona corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>Ping, Inc., an Arizona corporation; Karsten Manufacturing Corporation, an Arizona corporation,<br><br>             Defendants. | No. CV-08-0970-PHX-DGC<br><br>**ORDER** |

Plaintiff VyaTek Sports, Inc. has filed a motion to strike Defendants' First Amended Answer, Affirmative Defenses, and Counterclaims ("Amended Answer"). Dkt. #42. Plaintiff argues that the Amended Answer was filed more than twenty days after Defendants' original answer and without leave of court as required by Federal Rule of Civil Procedure 15(a). *Id.* at 2. Defendants have responded to the motion by filing a motion for leave to file the Amended Answer. Dkt. #44. Plaintiff has filed no response.

Defendants clearly erred by filing the Amended Answer without leave of court. But Defendants did file the Amended Answer within the deadline for amending the pleadings set by the Court's case management order. Dkt## 28, 38. The Amended Answer eliminates counterclaim counts 6 and 7, which were dismissed by the Court, and supplements

Defendants' affirmative defenses and counterclaims as the result of new information elicited during deposition. Dkt. #44 at 11.

Rule 15 of the Federal Rules of Civil Procedure declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court "'must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted). "'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.*

The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. Plaintiff does not allege undue delay or bad faith, nor does Plaintiff argue that it will suffer undue prejudice or that the Amended Answer would be futile. Dkt. #42. The Court will therefore grant the motion for leave to file the Amended Answer and deny Plaintiff's motion to strike.

**IT IS ORDERED** that Plaintiff's motion to strike (Dkt. #42) is **denied** and Defendants' motion for leave to file the First Amended Answer, Affirmative Defenses, and Counterclaims (Dkt. #44) is **granted**. The filing already made is sufficient. Defendants' need not re-file the Amended Answer.

DATED this 4th day of December, 2008.

David G. Campbell
United States District Judge

- 2 -